UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------------------

                                                   :

DWAYNE WALKER,                       :

                                   :     CASE NO. 1:14-CV-00363

          Petitioner,          :

                                   :

v.                               :     OPINION & ORDER
                               :     [Resolving Doc. Nos. 1, 6, 7, 8, 11,
                               :     12 & 13]

ALAN J. LAZAROFF,             :

                                 :

         Respondent.         :

-----------------------------------------------------------------


JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 19, 2014, Petitioner Dwayne Walker petitioned for a writ of habeas corpus

under 28 U.S.C. § 2254.  He seeks relief  for alleged constitutional violations that occurred

during his Cuyahoga County Common Pleas Court jury trial.[1] Under Local Rule 72.2, the Court

referred the petition to Magistrate Judge Nancy A. Vecchiarelli for a Report and

Recommendation ("R&R"). Respondent  Lazaroff filed a return of writ on April 21, 2014.[2]

Petitioner filed a traverse to the return on May 21, 2014.[3] Respondent filed a reply to Petitioner's

traverse on June 4, 2014.[4]

On April 7, 2015, Magistrate Judge Vecchiarelli recommended that the Court deny

---

[1]Doc. 1.
[2]Doc. 6.
[3]Doc. 7.
[4]Doc. 8.

Petitioner's habeas petition.[5] On April 21, 2015, Petitioner filed an objection to the R&R.[6]

Respondent filed a response to Petitioner's objection on April 29, 2015.[7]

For the following reasons, this Court **DENIES** Petitioner'**s** objections to the R&R,

**ADOPTS** Magistrate Judge Vecchiarelli's R&R, and **DISMISSES WITH PREJUDICE**

Petitioner's habeas petition.

## I. Procedural History

Petitioner Walker was tried in October 2011 in the Ohio Common Pleas Court for "two

counts of aggravated murder . . . one count of aggravated burglary . . . one count of aggravated

robbery . . . and two counts of felonious assault."[8] Critically for Petitioner's habeas petition, the trial

judge included a jury instruction on the Castle Doctrine.[9] Petitioner Walker had not raised any self-

defense affirmative defenses and had not requested any self-defense instruction.[10] Petitioner's trial

counsel did not object to the inclusion of the Castle Doctrine instruction.

The jury convicted Petitioner of one count each of murder, aggravated robbery, aggravated

burglary, and felonious assault.[11] The Ohio trial court sentenced Petitioner to an indeterminate term

of 28 years to life imprisonment.[12]

Petitioner timely filed an appeal with the Court of Appeals of Ohio. Petitioner made seven

assignments of error. Assignments three and four dealt with the Castle Doctrine instruction and trial

---

[5]Doc. 11.
[6]Doc. 12.
[7]Doc. 13.
[8]*State v. Walker*, 2012 WL 4243709, *1.
[9]*See* Ohio Rev. Code § 2901.05(B).
[10]Doc. 11 at 8.
[11]*State v. Walker*, 2012 WL 4243709, *5.
[12]*Id.*

counsel's failure to object to the instruction.[13]

The Ohio Court of Appeals ruled that the trial court erred when it gave the Castle Doctrine instruction and the error was "troubling," but the instruction was not prejudicial error because Petitioner "would have been convicted without the erroneous instruction."[14] That court also ruled that while trial counsel should have objected to the jury instruction, the failure to do so was not prejudicial and did not become ineffective assistance of counsel.[15] The court affirmed the convictions on September 20, 2012.[16] The Supreme Court of Ohio declined review on February 20, 2013.[17]

Petitioner Walker's petition for habeas corpus raised a single ground for relief from his 2011 convictions. He claims that the inclusion of the Castle Doctrine instruction is structural error in violation of his due process rights. Specifically, Petitioner contended that the instruction unconstitutionally shifted the burden of proof to the defense by creating a presumption of self defense in favor Aaron Crosby, a witness who shot at the defendant during the crime.[18] Petitioner also contended that the Court of Appeals of Ohio's refusal to grant a new trial was incorrect, because the error was prejudicial. Petitioner Walker's petition did not re-allege that trial counsel had been ineffective for failing to object to the instruction.

In response, Ohio argues that Petitioner defaulted this ground for relief when trial counsel failed to object to the instruction at the time it the Castle instruction was given.[19] Ohio uses a contemporaneous objection procedural rule and Respondent says the Ohio courts relied upon this

---

[13]*Id.* at 1.
[14]*Id.* at *10.
[15]*Id.* at *12.
[16]*Id.* at *17.
[17]*State v. Walker*, 2013 WL 628630 (Ohio 2013).
[18]Doc. 1.
[19]Doc. 6.

state-law procedural rule when it denied Walker's claim.[20] Petitioner replied that even if the ground for relief was procedurally defaulted, Petitioner was nevertheless entitled to a new trial because including the instruction constituted a structural error.[21]

Magistrate Judge Vecchiarelli rejected Petitioner's arguments, concluding that Petitioner's ground for relief was procedurally defaulted. She also recommended that neither the inclusion of the instruction nor trial counsel's failure to object constituted a structural error, and in any case were not prejudicial error even if properly preserved.[22]

Petitioner raised two objections to the R&R. First, Petitioner alleged that the jury instruction created a presumption that Petitioner was a trespasser, an element of the offense of Aggravated Burglary. Petitioner argued that the burglary conviction was the underlying felony in Petitioner's felony murder conviction, was a precursor to Petitioner's aggravated robbery conviction, and otherwise undermined Petitioner's credibility. Second, petitioner reiterated the argument that the Court of Appeals of Ohio's ruling reviewed the argument on the merits and argued that the error was a structural error that avoided the procedural bar to review.[23]

## II. Analysis

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection.[24] Parties must file any objections to a Report and Recommendation within fourteen days of service.[25]

---

[20]*See State v. Murphy*, 747 N.E.2d 765, 788 (Ohio 2001) ("The waiver rule requires that a party make a contemporaneous objection to alleged trial error in order to preserve that error for appellate review. The rule is of long standing, and it goes to the heart of an adversary system of justice.").

[21]Doc. 7.

[22]Doc. 11.

[23]Doc. 12.

[24]28 U.S.C. § 636(b)(1).

[25]Fed. R. Civ. P. 72(a).

Failure to object within that time waives a party's right to appeal the magistrate judge's recommendation.[26] Absent objection, a district court may adopt the Magistrate Judge's report without review.[27] Accordingly, this Court will review Petitioner's two objections to the R&R and will adopt the remainder of the R&R.

*Objection One: Prejudicial Effect of the Castle Doctrine Instruction*

Petitioner's first objection essentially argues that the R&R incorrectly found that the Castle Doctrine instruction was erroneous but not prejudicial. However, Petitioner's trial counsel failure to object to the inclusion of the instruction caused this ground for relief to become procedurally defaulted, and therefore waived.

Following the four-step analysis for procedural default under *Maupin v. Smith*,[28] the Court finds that Ohio's contemporaneous objection rule applied to Petitioner's counsel's failure to object to the erroneous jury instruction. Second, the courts of Ohio "actually enforced the state procedural sanction"[29] when the Court of Appeals of Ohio overruled Petitioners' third and fourth assignments of error for not having made a contemporaneous objection.[30] Third, the contemporaneous objection rule was "an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim,"[31] and has been so recognized by the Sixth Circuit.[32]

Fourth, Petitioner has not shown either cause for failing to comply with the procedural rule or that Petitioner was actually prejudiced by the jury instruction. Petitioner's procedural default is

---

[26]*See Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

[27]*Thomas,* 474 U.S. at 149.

[28]*Maupin v. Smith*, 785 F.2d 135, 138–39 (6th Cir. 1986).

[29]*Id.* at 138.

[30]*State v. Walker*, 2012 WL 4243709 at *11–12.

[31]*Maupin*, 785 F.2d at 138.

[32]*Scott v. Mitchell*, 209 F.3d 854, 866 (6th Cir. 2000).

not excused for cause because Petitioner failed to exhaust his state remedies on this ground. Petitioner did not raise a claim of ineffective assistance of counsel on direct appeal to the Ohio Supreme Court, and therefore cannot raise this issue as cause for failing to make a contemporaneous objection to the jury instruction.

Furthermore, even if Petitioner had  fully exhausted his state remedies for ineffective assistance of counsel, Petitioner would not be able to demonstrate actual prejudice as required to overcome Petitioner's procedural default. The Castle Doctrine instruction, while erroneously given to the jury, was not necessary for finding Petitioner guilty, nor did it shift the burden of proof as to any of the elements of the crimes charged. Furthermore, the erroneous instruction was followed by several reiterations of the need of the prosecution to prove every element of the crimes charged beyond a reasonable doubt.[33]

Petitioner objects that the Castle Doctrine instruction not only relieved the state's burden of proof with respect to several of the charges against Petitioner, but that one of these affected charges, Aggravated Burglary, "constituted an underlying felony in Petitioner's conviction for Felony Murder . . . and the precursor to Petitioner's conviction for Aggravated Robbery,"[34] which arguably prejudiced Petitioner.

This objection loses. First, Aggravated Burglary was not a precursor to Petitioner's Aggravated Robbery charge. The Aggravated Robbery charge, which does not have a trespass element, may have satisfied the intent element of the Aggravated Burglary charge, but not the other way around.[35] Second, Ohio separately convicted Petitioner of Aggravated Robbery, which provides

---

[33]Trial Tr. vol. 4, 745–46.

[34]Doc. 12 at 4.

[35]The trial court explicitly instructed the jury that they were not to convict Petitioner unless they found beyond a reasonable doubt that Petitioner intended to commit Aggravated Robbery when he entered the house on April 10, 2011. Trial Tr. vol. 4, 741–42.

an underlying offense in Petitioner's Felony Murder conviction.[36] Aggravated Robbery does not include a trespass element and any error associated with including the Castle Doctrine instruction did not impact the Aggravated Robbery conviction.  And the Aggravated Robbery conviction satisfies the underlying felony requirement of Ohio's felony murder conviction.

*Objection Two: Structural Error By Appeals Court*

Petitioner appears to allege two structural errors. First, Petitioner asserts that the inclusion of the Castle instruction was a structural error. Second, Petitioner asserts that the Court of Appeals of Ohio's affirmation of Petitioner's conviction despite its finding that the instruction was erroneous was itself a structural error. Neither of these constitute structural error.

First, the erroneous jury instruction was a trial error subject to harmless-error review. As explained above, such an error is subject to procedural default under the four-step *Maupin* analysis. Even assuming the error was structural, Petitioner would still need to demonstrate prejudice in order for this Court to grant relief under § 2254.[37] However, given the weight of the evidence adduced at trial and the relative unimportance of the erroneous jury instruction, Petitioner cannot show that removing the instruction would have changed the outcome of the trial.

Second, Petitioners does not succeed with his objection that the Ohio Court of Appeals' review was a merits review that waived Petitioner's procedural bar. Under the Sixth Circuit law "plain error review does not constitute a waiver of state procedural default rules."[38] The Ohio Court of Appeals conducted plain error review when it analyzed Petitioner's assignments of error on appeal.[39] Therefore, Ohio's procedural rule bars Petitioner from demanding relief for the erroneous

---

[36] Ohio Rev. Code § 2903.02(B).
[37] *Ambrose v. Booker*, 684 F.3d 638, 650–51 (6th Cir. 2012).
[38] *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir.2000).
[39] *State v. Walker*, 2012 WL 4243709 at *8–10.

jury instruction under § 2254.

Accordingly, the Court **ADOPTS** in whole Magistrate Judge Vecchiarelli's Report and Recommendation and incorporates it fully herein by reference. The Court **DENIES** Petitioner's objections to the R&R, and **DISMISSES WITH PREJUDICE** Petitioner's writ of habeas corpus. Moreover, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[40]

IT IS SO ORDERED.

Dated: August 18, 2015                    s/        *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[40]28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).